UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBYIN MEEHAN-KELLEY, ) | Civil No. 11cv1813-L (BGS) |
| ) | |
| Plaintiff, ) | **ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND GRANTING LEAVE TO AMEND** |
| ) | |
| v. ) | |
| ) | |
| PAUL KELLEY, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

    Plaintiff filed a fraud action under California law. She claims federal jurisdiction pursuant to diversity under 28 U.S.C. § 1332(a). Based on the allegations in the complaint, it is unclear whether the parties are diverse. Accordingly, the action is **DISMISSED WITHOUT PREJUDICE**.

    Unlike State courts, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts are constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A federal court must satisfy itself of its

jurisdiction over the subject matter before proceeding to the merits of the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577, 583 (1999).

Plaintiff bears the burden of demonstrating that jurisdiction is properly before the court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Under 28 U.S.C. Section 1332(a), federal jurisdiction exists in cases of complete diversity, where each of the plaintiffs is a citizen of a different state than each of the defendants, and the amount in controversy exceeds $ 75,000. *See also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). The complaint must affirmatively allege the state of citizenship of each party. *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 551 (9th Cir. 1987); *see also Kanter v. Warner-Lambert, Co.*, 265 F.3d 853 (9th Cir. 2001).

Plaintiff alleges that the parties are residents of different states. For diversity purposes, a person is a citizen of a state in which he or she is domiciled. *Kanter*, 265 F.3d at 857. "[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency." *Id*. "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id*.

Because the complaint does not allege the facts necessary to establish diversity as required by 28 U.S.C. Section 1332, the complaint is dismissed for lack of subject matter jurisdiction. Pursuant to 28 U.S.C. Section 1653, Plaintiff is granted leave to file an amended complaint[1] to supplement the jurisdictional allegations. If Plaintiff chooses to file an amended complaint, she must do so no later than **September 9, 2011**.

**IT IS SO ORDERED.**

DATED: August 19, 2011

M. James Lorenz
United States District Court Judge

---

[1] If Plaintiff chooses to file an amended complaint, she must comply with all requirements of the Civil Local Rules, including the legibility requirements of Civil Local Rule 5.1, and the Electronic Case Management and Case Filing Policies and Procedures Manual, including the courtesy copy requirement of Section 2(e).

1  COPY TO:

2  HON. BERNARD G. SKOMAL
   UNITED STATES MAGISTRATE JUDGE

3  ALL COUNSEL/PARTIES